IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER BARBOUR, *et al.*, ) | |
|  ) | |
| Plaintiffs, ) | |
|  ) | |
| v. ) | CIVIL ACTION NO.  2:01cv1530-C |
|  ) | WO |
| MICHAEL HALEY, *et al.*, ) | |
|  ) | |
| Defendants. ) | |

**ORDER ON MOTION
AND MEMORANDUM OPINION**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 putative class action, the eight named plaintiffs are inmates in the custody of the Alabama Department of Corrections ("the Department") under sentence of death incarcerated at either Holman Correctional Facility or Donaldson Correctional Facility. Each of the plaintiffs has exhausted direct appeals and has only state or federal collateral review remedies available to them.  The plaintiffs complain that the defendant state officials[1] have interfered with and hindered their constitutional right of access to the courts, alleging violations of the First, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.[2]  As

---

[1]The defendants are sued only in their official capacities.  The official defendants are the Governor, the Commissioner of the Alabama Department of Corrections and the wardens of the prisons in which inmates under a sentence of death are incarcerated.

[2]The original complaint in this case also alleged that the defendants had through various means violated their rights by interfering with and hindering their ability to communicate with their lawyers and /or secure legal assistance.  The court will refer to thess claims generally as "barrier" claims.  On January 29, 2004, the court dismissed these claims without prejudice on the  basis of the parties' agreements.  In that order, the court commended the parties "for working together to reach an amicable resolution of these difficult issues.  Through cooperation and diligence, the parties were able to resolve the claims related to access by lawyers to death row inmates, as well as reduce animosities between the parties and pave the way for cooperation that led to the expedition result in the litigation. The Court appreciates the tenacity, diligence and hard work on the part of the litigants and their counsel that as led to the resolution of this aspect of the

stated in the complaint, the plaintiffs allege that the

> [d]efendants' failure to provide any mechanism for ensuring that Plaintiffs have access to the assistance of counsel for the preparation of their state postconviction petitions . . . has violated and continues to violate Plaintiffs constitutional rights to meaningful access to the courts . . .

Compl., ¶ 141, at 47 (doc. # 1).

The plaintiffs seek only declaratory and injunctive relief. The question presently before the court[3] is whether the plaintiffs' motion for class certification should be granted. The plaintiffs seek FED.R.CIV.P. 23(b)(2) certification of a class of "all persons on death row in Alabama who are denied their constitutional right of meaningful access to the courts." (Pls' Mot. for Class Certification, at ¶ 2, p. 1, doc. # 32). After careful consideration, the court concludes that the plaintiffs' motion for class certification should be granted: however, the class should be defined differently.

The plaintiffs' original motion for class certification requested that the court certify a class "consisting of all persons on death row in Alabama who are denied their constitutional right of meaningful access to the courts." Plainly, this suggested definition is too amorphous. As this case has developed and other access issues have been resolved, the nature of the class sought by the plaintiffs has become more refined. In a motion for final judgment filed by the plaintiffs, they requested that the court declare that the Sixth Amendment right to counsel or the Fourteenth Amendment right of meaningful access to the courts requires the State of Alabama to

---

litigation." *Janaury 29, 2004, Mem. Op. and Ord.* (doc. #. 102). The resolution of these barrier claim issues leaves only the issue of whether denial of appointment of counsel to the plaintiffs denies them their right of access to the courts. This substantive issue will be resolved in a separate opinion which will issue shortly.

[3]The parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1.

provide counsel to indigent, condemned inmates prior to their filing of postconviction motions for relief.  Part of the relief sought by the plaintiffs is an order suspending or tolling the one-year statute of limitations set forth in  28 U.S.C. § 2244(d)(1).  The premise for this requested relief is that the failure of the defendants to provide counsel to death row inmates for the filing of their state postconviction motions constitutes an "impediment" within the meaning of 28 U.S.C. § 2244(d)(1)(B). The limitation period in § 2244(d)(1) is statutorily tolled upon a person in state custody properly filing an "application for State post-conviction or other collateral review . . . " 28 U.S.C. § 2244(d)(2).  The plaintiffs' arguments thus indicate that the class should be limited to persons who have not completed the state postconviction process.  Accordingly, the court concludes that the class should be defined as all persons (1) who are or will be in state custody, (2) under a sentence of death, (3) unable to afford and do not have counsel,[4] (4) whose convictions have become final under state law, (5) who have not completed the  postconviction, collateral review process provided under the laws of Alabama, and (6) for whom the defendants refuse to provide counsel for the investigation, initiation and prosecution of state postconviction remedies.

## II.  FED.R.CIV.P. 23(a) REQUIREMENTS

*1. General Class Certification Requirements.*  "To maintain a class action the individual named plaintiffs must establish three initial requirements: they must have standing to raise the claims before the court, they must meet the requirements of Rule 23(a) to represent a class, and the class they seek to represent must be one of the types recognized by Rule 23(b)." *Drayton v.*

---

[4]The record before the court reflects that in some instances, state circuit judges appoint counsel for inmates to pursue their postconviction motions after the motions are filed.

*Western Auto Supply Co.*, 2002 WL 32508918, *2 (11th Cir. 2002) (citing *Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir. 1987). FED. R. CIV. P. 23(a) establishes four threshold requirements applicable to all class actions:

> (1) numerosity (a "class [so large] that joinder of all members is impracticable"); (2) commonality ("questions of law or fact common to the class"); (3) typicality (named parties' claims or defenses "are typical ... of the class"); and (4) adequacy of representation (representatives "will fairly and adequately protect the interests of the class").

FED. R. CIV. P. 23(a). *See also Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613 (1997).

In addition to satisfying FED. R. CIV. P. 23(a)'s prerequisites, parties seeking class certification must show that the action is appropriate for certification under FED. R. CIV. P. 23(b)(1), (2), or (3). *Amchem,* 521 U.S. at 614. The plaintiffs seek certification of a class pursuant to FED. R. CIV. P. 23(b)(2). To qualify for certification under this rule, a class representative must also show that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." FED. R. CIV. P. 23(b)(2). The initial burden of proof to establish the propriety of class certification rests with the advocate of the class. *Rutstein v. Avis Rent-A-Car Systems, Inc.*, 211 F.3d 1228, 1233 (11th Cir. 2000) *citing Jones v. Diamond,* 519 F.2d 1090, 1099 (5th Cir. 1975). *See also see Gilchrist v. Bolger*, 733 F.2d 1551, 1556 (11th Cir. 1984) (burden of establishing the specific prerequisites to a Rule 23 action falls on the party seeking to certify the class).

    *2. Standing*. While an analysis of class certification must begin with the issue of standing, *Murray v. U.S. Bank Trust Nat. Ass'n.*, 365 F.3d 1284, 1288 n. 7 (11th Cir. 2004); *Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir. 1987), FED.R.CIV.P. 23(a) does not require that

every class member have standing; rather, only one of the named plaintiffs must have standing with respect to each class claim; "that is all that is required to maintain the class." *Drayton*, 2002 WL 32508918 at *4. *See also Murray*, 244 F.3d at 810; *Comer v. Cisneros*, 37 F.3d 775, 788 (2nd Cir. 1994). Thus, the defendants' argument that "each proposed class representative's claims must satisfy the constitutional standing requirement" lacks merit.[5] Defs' Mem. of Law in Opposition to Class Certification at 5. The defendants also argue that the plaintiffs lack standing because they cannot satisfy the "actual injury" requirement described in *Lewis v. Casey*, 518 U.S. 343 (1996). The defendants' reading of *Lewis* overlooks some crucial and specific terms[6] utilized by the Supreme Court in addressing the question of injury.

> Insofar as the right vindicated by *Bounds* is concerned, "meaningful access to the courts is the cornerstone," and the inmate therefore must go one step further and demonstrate that the alleged shortcomings . . . *hindered* his efforts to pursue a legal claim. He *might show, for example*, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. *Or* that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable event to file a complaint.

*Lewis*, 513 U.S. at 351 (internal citations omitted) (emphasis added).

In commenting on a *Lewis* standing issue, the Eleventh Circuit has observed that

> [t]he doctrine of standing requires that an inmate alleging a violation of the right of access to the courts must show an actual injury. . . . The injury which the inmate must demonstrate is an injury to the right asserted, i.e. the right of access. Thus, the prison officials' actions which allegedly infringed an inmate's right of

---

[5] Rule 23(b)(2) "does not mandate that all members of the (b)(2) class be aggrieved by or desire to challenge the defendant's conduct. It does require, however, that the conduct or lack of it which is subject to challenge be premised on a ground that is applicable to the entire class." *Jones v. Diamond*, 519 F.2d 1090, 1100 (11th Cir. 1975).

[6] Furthermore, throughout the opinion, the Supreme Court refers to claims which are "frustrated," "impeded," or "hindered." *Lewis*, 518 U.S. at 351, 352, 353 n. 4.

> access to the courts must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim. . . . Further, the legal claim must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition, or a civil rights action.

*Bass v. Singletary,* 143 F.3d 1442, 1445 (11th Cir. 1998) (citations omitted).

To the extent that the defendants' argument is susceptible of the construction that the plaintiffs lack standing because they cannot prove that they were prevented from filing a complaint or that a complaint was dismissed, the argument fails.  A failure of proof is a failure on the merits, and for class certification purposes, the court may not consider the merits of the plaintiffs' clams.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974).  The plaintiffs allege that the failure of the defendants to provide counsel to them frustrates and hinders their ability to seek collateral review in the state courts.

> 30.    Access to counsel following the conclusion of direct review is crucial for death row prisoners.  State and federal collateral proceedings are a central part of the review process in capital cases.  Under Alabama law, certain claims, including claims of ineffective assistance of counsel, jury misconduct, and violations of Brady v. Maryland, 373 U.S. 83 (1963), ordinarily cannot be raised on direct appeal but are relegated to postconviction proceedings.  Death row prisoners in Alabama have only two years[7] to obtain and review the full record of their trial and direct appeal, perform any necessary investigation and legal research, and prepare a postconviction petition which properly sets forth the factual and legal basis for each of their claims.

Compl., ¶ 30, at 11-12 (doc. # 1).

As *Bass* shows, the allegations of the plaintiffs' complaint are sufficient for standing purposes.  The fact that the allegations might even be insufficient to withstand a motion to dismiss does not negate the court's constitutional power to adjudicate the case.  *See Steel Co. v.*

---

[7]In 2002, the Alabama Supreme Court reduced the limitations period to one year.  *See e.g., Ex parte Jenkins*, __ So.2d __, __, 2005 WL 796809, *5 (Ala. April 8, 2005).

*Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) ("It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction . . . "). The plaintiffs have standing to pursue these claims.

   3.  F~ED~.R.C~IV~.P. 23(a) *Numerosity Requirement*.  To satisfy the numerosity requirement, the prospective class must be "so numerous that joinder of members is impracticable." F~ED~.R.C~IV~.P. 23(a)(1).  However, "[i]mpracticable does not mean impossible."  *Rabidoux v. Celani*, 987 F.2d 931, 935 (2nd Cir. 1993).  While there is no fixed number required to demonstrate numerosity, "generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors."  *Jones v. Firestone Tire and Rubber Co., Inc.*, 977 F.2d 527, 534 (11th Cir. 1992) *(quoting Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986)).

  The defendants argue that numerosity is lacking because there are approximately 185 persons on death row; 53 have direct appeals pending; 36 have federal habeas petitions pending and 33 inmates are appealing denial of their state postconviction petitions.  In addition, the defendants argue that because the plaintiffs' counsel have represented that they have the ability to monitor all death row inmates, their joinder is not impracticable.

  The very nature of the defendants' arguments undercuts their validity.  First, it is apparent that there are more than 40 inmates who may fall within the class definition.  Second, it is equally apparent that due to the progress of direct appeals, the size and composition of the class will change over time.  For example, a death row inmate who completes all avenues of direct appeal most likely would then fall within the class definition.  An inmate who has completed all state postconviction relief avenues would no longer be encompassed within the

class definition.  Under those circumstances, it is obvious that joinder is impracticable.  The numerosity requirement is satisfied.

    *4. FED.R.CIV.P. 23(a) Commonality Requirement*.  Class certification also requires that there be a common question of law or fact between the class members.   Fed.R.Civ.P. 23(a)(2).  This requirement is satisfied if the claims of the class members arise from the same event or practice and are based on the same legal theory.  *See Kornburg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir.1984).  The defendants position in opposition to the commonality requirement is grounded in observations about the death row inmates who do not fit within the class definition as proposed by the plaintiffs.  However, given the class definition as established by the court, there is commonality among all class members because the defendants fail or refuse to provide them counsel for the investigation and prosecution of their state postconviction remedies.  The commonality requirement is satisfied.

    *5. FED.R.CIV.P. 23(a) Typicality Requirement*.  Commonality and typicality under FED.R.CIV.P. 23(a) serve to ensure that named plaintiffs' claims and class claims are "so interrelated that the interests of the class members will be fairly and adequately protected.... Those requirements ... tend to merge with the adequacy-of-representation requirement, although the latter ... also raises concerns about the competency of class counsel and conflicts of interest." *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n. 13 (1982).  "Both requirements focus on whether a sufficient nexus exists between the legal claims of the named class representatives and those of individual class members to warrant class certification." *Prado-Steiman v. Bush*, 221 F.3d 1266, 1278 (11th Cir. 2000).  The defendants do not contest whether the representatives satisfy this requirement.  In light of what the court has found

concerning commonality, the court concludes that the plaintiffs' claims meet the typicality requirement.

  6. *FED.R.CIV.P. 23(a) Adequacy of Representation Requirement*.   FED.R.CIV.P. 23(a)(4) requires that the representative party in a class action "must fairly and adequately protect the interests of the class."  This adequacy of representation analysis "encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharmaceuticals, Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003) (*quoting In re HealthSouth Corp. Securities Litigation*, 213 F.R.D. 447, 460-461 (N.D. Ala. 2003)).  The defendants do not challenge adequacy of representation on the basis of conflicts; however, the defendants do argue that this requirement is not fulfilled because certain of the named plaintiffs are not class members and because the plaintiffs' "counsel are unqualified to represent the proposed class."  Defs' Mem. of Law in Opp. to Class Cert. at 11 (doc. # 45).  The basis for this remarkable assertion is set out verbatim below.

> Section 1983 is used a (sic) means for bringing claims to court rather than being an actual claim itself.  *Wilson v. Garcia*, 471 U.S. 261, 273 (1985).  Although Plaintiffs suggest this is a § 1983 civil rights litigation (that they presumably have experience litigating), the complaint actually seeks to obtain a preliminary ruling on whether the State of Alabama would be entitled to affirmative defenses under the Anti-terrorism and Effective Death Penalty Act if, or when, Plaintiffs sought *habeas* relief in federal court.  Counsel for Plaintiffs, however, have alleged no experience litigating *habeas* cases in federal court under the AEDPA.
>
> The suggestion, by Plaintiffs, that certain counsel for Plaintiffs possesses first-hand knowledge of the facts concerned in this litigation is a further basis for finding that counsel for Plaintiffs would be adequate to protect the interests of the class.  Any lawyer who would possesses (sic) information and will be called as a witness in this matter is not permitted to act as counsel.  A.R.Prof.Cond., 3.7.  The very fact that at least on attorney for Plaintiffs, Bryan Stevenson, will have to be

> removed in the near future supports a finding that current counsel are inadequate
> to protect the interests of the proposed class.

Defs' Mem. of Law in Opp. to Class Cert. at 11-12 (doc. # 45).

The defendants' first argument is disingenuous at best. Putting aside the skill which counsel has already demonstrated in this case, the court can safely observe that Mr. Stevenson, whose credentials are well known,[8] is reasonably well versed in the labyrinth of death penalty and habeas jurisprudence.[9]

It is correct that Stevenson indeed could have been a witness with respect to the plaintiffs' barrier claims about limitation on access to legal assistance. However, as noted above, those claims have been resolved, and there is no factual dispute about the remaining claim that the defendants do not provide counsel to members of the class.

At the time this case was filed, one or more of the class representatives was a member of the class as defined by the court. The class is represented by skilled and dedicated counsel. The court finds that the class representatives will fairly and adequately protect the interests of the class within the meaning of FED.R.CIV.P. 23(a)(4).

### III. FED.R.CIV.P. 23(b) REQUIREMENTS

Under FED. R. CIV. P. 23(b)(2), class certification is proper when the requirements of

---

[8] Executive Director of the Equal Justice Initiative (EJI) in Montgomery, Alabama, and Professor of Law, New York University School of Law. B.A., Eastern University 1981; M.P.P., Harvard University 1985; J.D., Harvard Law School 1985.

[9] *See e.g., Nelson v. Campbell*, 541 U.S. 637 (2004); *Sibley v. Culliver*, 377 F.3d 1196 (11th Cir. 2004); *Fisher v. Gibson*, 282 F.3d 1283 (10th Cir. 2002) (recognizing Stevenson as ans expert on professional standards for death penalty counsel); *Jackson v. Herring*, 42 F.3d 1350 (11th Cir. 1995). *See also* Bryan A. Stevenson, *The Ultimate Authority on the Ultimate Punishment: the Requisite Role Of the Jury in Capital Sentencing,* 54 Ala. L. Rev. 1091 (2003); Bryan A. Stevenson, *The Politics of Fear and Death: Successive Problems in Capital Federal Habeas Corpus Cases*, 77 N.Y.U. L. Rev. 699 (2002).

FED.R.CIV.P. 23(a) are satisfied and "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."  FED. R. CIV. P. 23(b)(2). Certification under 23(b)(2) is appropriate in this case because the defendants fail or refuse to provide counsel to the plaintiffs for their assistance in prosecuting state postconviction relief remedies.  The basis for the defendants' denial is that the plaintiffs are not entitled to counsel as a matter of right.  Quintessentially, this is a refusal to act on grounds generally applicable to the class.  FED.R.CIV.P. 23(b)(2) certification is appropriate.  Accordingly, it is

ORDERED that the plaintiffs' motion for class certification be and is hereby GRANTED and that pursuant to FED.R.CIV.P. 23(a) and 23(b)(2) a class be and is hereby certified to consist of all persons (1) who are or will be in state custody, (2) under a sentence of death, (3) unable to afford and do not have counsel, (4) whose convictions have become final under state law, (5) who have not completed the postconviction, collateral review process provided under the laws of Alabama, and (6) for whom the defendants refuse to provide counsel for the investigation, initiation and prosecution of state postconviction remedies.  It is further

ORDERED that because this class definition is different from that previously contemplated or discussed with or by the parties, any party may file a motion for modification of the definition on or before May 4, 2005.

Done this 26th day of April, 2005.

       /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE